### R. Pierce & Son v. Davis.

(Decided October 14, 1913).

### Appeal from Greenup Circuit Court.

Accord and Satisfaction.—Where there is a bona fide dispute between parties as to the amount due by one to the other, and they agree to accept a certain sum in settlement of their conflicting accounts, it will be good as an accord and satisfaction.

J. B. BENNETT for appellants.

S. S. WILLIS, E. E. FULLERTON for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellants, Pierce & Son, sued Davis on an open account, seeking to recover from him $669.43, made up of various items shown in an account filed with the petition. In an amended petition, they averred that a mistake was made in the original petition and in the account

filed with the petition, as to the amount due and charged that he owed them $760.51, as shown by the itemized account filed with the amended petition.

For answer to the petition as amended, Davis denied that either of the accounts sued on was correct, or truthful statements of the indebtedness, or that he owed the plaintiffs anything, and averred that on January 3, 1911, they had a settlement which showed a balance due by him of $119.92, which he paid and they accepted on that day in full settlement of the account. He further averred that the $119.92 was paid and accepted by them in accord and satisfaction of the account they had against him. In an amended answer Davis admitted that the account filed with the amended petition was substantially correct in its charges and credits as far as it went, but that it was not complete.

In a reply Pierce and Son traversed all the averments of the answer.

After the evidence was in, the case was heard by the judge, it having been theretofore agreed by the parties that it should be heard and disposed of as an equitable action.

There are only two matters about which there is any serious dispute. One of these relates to two checks, one for $193 and the other for $382, given to Pierce & Son by Davis in August, 1910. It was admitted by both parties that these checks when deposited for collection by Pierce & Son were not paid for want of funds, and the cashier of the bank in which they were deposited by Pierce and Son testified that when these checks were returned to the bank unpaid he delivered them to Pierce & Son. Davis says that a short while after this he paid to Pierce & Son in money the amount of these checks and they were then delivered to him. The evidence upon the point whether Davis paid these checks in money is conflicting. Davis says he did, and one of the Pierces, who transacted the business with him, says he did not. But supporting the testimony of Davis is the evidence of the cashier that he delivered these checks to Pierce and the undisputed fact that Davis had them in his possession, and we think the possession of these checks by Davis is sufficient, taken in connection with his evidence and the fact that they were delivered by the cashier to Pierce, to show that he obtained possession of them when he paid the amount due on the checks to Pierce. In other words, on this issue the evidence, direct and circumstan-

tial, sustains the contention of Davis that he paid to Pierce the money when these checks were delivered to him.

The other disputed issue is in reference to what occurred when the check for $119.92 was given by Davis to Pierce & Son on January 3, 1911. It is admitted that the account between these parties closed on that day. Davis testifies that Pierce had his account and he had his checks, and they compared the account and checks and found a balance due of $119.92, and thereupon he gave to Pierce & Son his check for this amount and wrote in the face of it the words "in full by settlement."

R. R. Pierce tells what happened about that transaction in this way: He says that on January 3rd he went to see Davis, and they talked about the amount he owed, which he, Pierce, claimed was a great deal more than $119; that after talking a while without coming to any agreement as to the amount due Davis gave him the check for $119.92 as a payment on his account and not in full settlement of it. He says he did not notice that the words "in full by settlement" were written in the check, and that as a matter of fact they did not have any settlement.

It is quite evident from the testimony of the Pierces and Davis that the accounts of each were kept in a loose, irregular sort of way and that they had more than one disagreement as to the amount due by Davis. But putting aside these differences as to the amount due by Davis, we have, on the one side the positive statement of Davis that a full settlement was made on January 3rd, supported by a check accepted by Pierce showing on its face that it was in full settlement. On the other side we have the evidence of Pierce that no settlement at all was made and that the check was only accepted as a payment on the amount due. Under the circumstances we think the weight of the evidence is with Davis that a settlement was made and the check given in full accord and satisfaction of the amount due..

It is further insisted for appellants that judgment should have gone in their favor for $13.76, the difference between $133.68 and $119.92. This is upon the theory that the averments of the amended answer filed by Davis amount to an admission that he owed $133.68, and, therefore, the payment of $119.92 should be treated as a credit on this sum, leaving the balance due. But we do not understand this pleading to admit an indebted-

ness of $133.68. It sets out that Davis was entitled to additional credits on the account of Pierce & Son filed with the amended petition, and avers that if these credits were given the account would be substantially correct. The pleading of Davis, considered as a whole, amounts to a plea of accord and satisfaction and the circuit judge so construed it. We are also of the opinion that the evidence supports this theory, and the judgment of the chancellor dismissing the petition of Pierce & Son is affirmed.